THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHRISTOPHER D. LAMB, Defendant-Appellant.

Second District No. 2—86—0759

Opinion filed September 12, 1988.—Rehearing denied December 8, 1988.

G. Joseph Weller and Paul J. Glaser, both of State Appellate Defender's Office, of Elgin, for appellant.

Dennis Schumacher, State's Attorney, of Oregon, and Richard L. Salon, of Chicago (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE DUNN delivered the opinion of the court:

Defendant, Christopher Lamb, appeals from his conviction for residential burglary following a jury trial held *in absentia* and the 15-year term of imprisonment imposed by the trial court. On appeal, defendant raises three issues for our review: (1) whether the court erred in admitting at trial a portion of defendant's grand jury testimony addressing a subsequently suppressed confession; (2) whether the court erred in refusing a defense instruction relating to the defendant's absence from trial; and (3) whether evidence pertaining to an unrelated charge upon which defendant was acquitted was improperly admitted at the sentencing hearing. Because we agree with defendant's first contention, we reverse and remand for a new trial.

The remaining two issues need not be considered.

Defendant was charged by indictment with residential burglary. (Ill. Rev. Stat. 1987, ch. 38, par. 19—3.) Prior to trial, defendant filed a motion to suppress a confession obtained by Officer Wilkinson on July 11, 1984, four days after defendant's arrest. No hearing on the motion was conducted prior to the commencement of trial. After defendant failed to appear at numerous pretrial hearings, the court granted the State's motion to try defendant *in absentia.* The cause proceeded to a jury trial.

At trial, Vicki Pearson testified her home was burglarized on May 23, 1984, and several pieces of jewelry were among the items taken. Pearson identified as hers four rings that were obtained from defendant during a search of his person following his arrest on June 7. Officer Wilkinson initially talked with defendant on June 8 after he was informed defendant wished to speak with him. Defendant denied involvement in the burglary but stated he could assist Wilkinson in locating the missing property. Two days later, Wilkinson, after a conversation with defendant's girlfriend, contacted defendant by telephone and told him he would talk with him the following morning. At this juncture of Wilkinson's testimony, defense counsel interjected the undecided motion to suppress. Over the State's objection the motion was untimely, the court permitted a hearing.

At the hearing, Wilkinson testified he contacted defendant because defendant indicated he wished to talk to Wilkinson about the incident. After a brief conversation, defendant agreed to permit the recording of his statement to Wilkinson. The following day, defendant verified a transcript of the tape. The tape and transcript were reviewed by the trial court. The assistant State's Attorney argued the tape recording was critical to the court's decision. Indeed it was because the court concluded a statement by defendant that he wanted his bond lowered so he could get out of jail and Wilkinson's response that he would not oppose a bond reduction was sufficient to render the confession involuntary. The court therefore suppressed the oral and written statements of July 11 and 12.

The court next discussed the State's options to either file an interlocutory appeal or written notice that it would not appeal the suppression ruling. (Ill. Rev. Stat. 1987, ch. 38. par. 114—11(g).) During the discourse on this matter, the State inquired about the admissibility of the defendant's testimony before the grand jury. The court determined the grand jury testimony was admissible because it was given 17 days after defendant's statements to Wilkinson, defendant was represented by counsel, he had been released from jail, and he

was not in a custodial situation. The court concluded defendant's testimony before the grand jury was voluntarily given after proper admonition.

Following discussion of an unrelated matter, the State notified the court it was preparing a written statement indicating it was waiving its right to appeal and wished to proceed with the trial. The court accepted the written waiver and Wilkinson's testimony before the jury resumed.

Upon the conclusion of Wilkinson's testimony, a recitation of defendant's testimony to the grand jury commenced. Defendant recounted that during the morning of May 23, he and three friends drove around the Rockford area. At one point, they stopped and one of defendant's companions stated: " 'This is a good house to do right here.' " Defendant stated he remained by the car as the other three proceeded through the woods to the house. After 15 to 20 minutes, defendant walked over to the house and observed one of his friends carrying a videocassette recorder out of the house toward the car. Defendant told his friend to take him home; the friend told defendant to get in the car. The friend then drove the car up the driveway, and defendant's two other friends placed in the car other items removed from the home. Defendant was then taken home. Defendant claimed he did not know his friends intended to commit a crime, he did not serve as a lookout, and he would not have gone with his friends if he had known a burglary was contemplated. Defendant explained he did not contact the police until June 5 because he was scared.

At this stage, the questioning turned to the defendant's statement to Wilkinson on July 11. Defense counsel interposed an objection. After a thorough hearing on the admissibility of this portion of the grand jury testimony, the court concluded that while it tended to agree with defense counsel that the testimony was not admissible, it was nonetheless going to deny the oral motion to suppress because it was untimely. Thereafter, the remainder of defendant's testimony to the grand jury was presented to the jury.

The gist of defendant's statement to Wilkinson on July 11, which was used for impeachment purposes in the grand jury proceeding, was as follows. Defendant and his friends drove by the house two or three times. Defendant stayed by the car and acted as if he were working on the car. He then went to the house. One friend kicked the door open and carried out a videocassette recorder. Defendant told Wilkinson two of his friends had checked out the house and committed several burglaries in the area. The items were taken to

defendant's trailer home and later removed. On June 3 or 4, one friend left four or five rings at defendant's house, which he paid for.

For the defense, defendant's mother testified that a friend of defendant's tried to sell her four or five rings on June 6, but she refused to buy them. When defendant's friend left the rings, Mrs. Lamb told defendant to return them to his friend. She did not see the rings again and was not aware they were stolen.

Defendant contends the admission of the previously suppressed statements undercut his denial of complicity in the residential burglary and constituted fundamental constitutional error. At the outset, defendant asserts the court's suppression of his oral and written statement to Wilkinson was manifestly correct; alternatively, the State is estopped from challenging the propriety of the ruling because the State failed to pursue an interlocutory appeal. Defendant then argues since the confession was found to have been coerced, it could not be used by the State in its case in chief or for impeachment purposes. Defendant further argues a defendant is denied due process if his conviction is founded in part upon an involuntary confession. Defendant finally argues the statements to Wilkinson were not harmless.

In response to these assertions, the State confines its argument to the propriety of the trial court's ruling suppressing the statements, the absence of waiver by the State to challenge the ruling, and harmless error.

■ Initially, we need not determine whether the State is entitled to challenge the trial court's ruling on the original motion to suppress because we conclude we must uphold the trial court's suppression of the statements in issue on account of the insufficiency of the record on appeal. (See *People v. Smith* (1985), 106 Ill. 2d 327, 335.) Neither the tape recording nor transcription of the defendant's statement to Wilkinson is included in the record on appeal. The State acknowledged at trial that the recording was critical to the determination whether to suppress the statement. We agree, and, because we are unable to review the tape or the written transcription, we decline to disturb the ruling of the trial court.

■ Having so determined, our next task is to decide the propriety of the trial court's determination that the motion to suppress the portion of the grand jury testimony addressing the defendant's statement to Wilkinson was untimely and therefore would not be considered. Generally, the trial court has the discretion to grant or deny a hearing on a motion to suppress made for the first time at trial, and the determination will not be disturbed on review absent an abuse of

that discretion. (*People v. Hoffman* (1981), 84 Ill. 2d 480, 485; *People v. White* (1985), 134 Ill. App. 3d 262, 290; *People v. Sturlic* (1985), 130 Ill. App. 3d 120, 124.) Had the trial court denied a hearing on the original motion to suppress, we may have been inclined to defer to the trial court's discretion. However, the trial court had already determined the defendant's confession to Wilkinson was involuntary when the court was asked to consider suppressing the portion of defendant's grand jury testimony referring to the subsequently suppressed statements.

■ Under the circumstances present here, we believe the trial court abused its discretion in refusing to consider the merits of defendant's belated motion to suppress the pertinent grand jury testimony. We so conclude because denying the motion resulted in the defendant's conviction being founded in part on an involuntary confession, a recognized violation of due process. (*Jackson v. Denno* (1964), 378 U.S. 368, 376, 12 L. Ed. 2d 908, 915, 84 S. Ct. 1774, 1780-81; *People v. Strader* (1967), 38 Ill. 2d 93, 96; *People v. Cooper* (1981), 96 Ill. App. 3d 607, 611.) The prejudice to defendant was recognized by the trial judge, who expressed agreement with defendant's position on the merits. Consequently, we see no reason to have the trial court rule on the merits of the motion.

Finally, the State's harmless error argument is unfounded. It is clear from our review the jury's consideration of the involuntary confession had to have been a major influence on its determination.

For the foregoing reasons, the judgment of the circuit court of Ogle County is reversed and the cause remanded for a new trial.

Reversed and remanded.

LINDBERG, P.J., and INGLIS, J., concur.