HELEN SICILIANO, Plaintiff-Appellee, v. THE VILLAGE OF WEST-CHESTER FIREFIGHTERS' PENSION FUND *et al.*, Defendants-Appellants.

First District (2nd Division) No. 1—89—0286

Opinion filed June 12, 1990.

Thomas F. McGuire & Associates, Ltd., of Long Grove, for appellants.

Andrew J. Creighton and Joseph C. Owens, both of Joseph C. Owens, P.C., of Chicago, for appellee.

JUSTICE BILANDIC delivered the opinion of the court:

Plaintiff, the widow of a suburban firefighter, received pension benefits from the defendant firefighters' pension fund until she remarried. When her second husband died, she sought reinstatement of the pension benefits. The defendant board of trustees of the pension fund denied her application, and the circuit court of Cook County subsequently reversed the board's decision. The issue on appeal is whether plaintiff is the unmarried surviving spouse of her first husband within the meaning of section 4—114 of the Illinois Pension Code (Code) (Ill. Rev. Stat. 1987, ch. 108½, par. 4—114). This is a case of first impression.

The relevant facts are not in dispute. Plaintiff, Helen Siciliano, was married to Patrick Airdo for 31 years. Patrick Airdo was a firefighter for the Village of Westchester for 25 years, and he contributed to its pension fund. He retired from the fire department in March 1981, and he died about one month later. During the ensuing five years, plaintiff received pension benefits until she married her second husband, John Siciliano, on September 14, 1986. On March 2, 1988, Mr. Siciliano died. Plaintiff applied to the board for reinstatement of her surviving spouse's pension, pursuant to section 4—114 of the Illinois Pension Code. (Ill. Rev. Stat. 1987, ch. 108½, par. 4—114(a).) After hearing arguments, the board issued its decision denying plaintiff's application for restoration of her surviving spouse's pension.

Thereafter, plaintiff filed a complaint for administrative review in the circuit court, requesting reversal of the board's decision and reinstatement of her surviving spouse's pension. The circuit court reversed the decision of the board and ordered plaintiff reinstated to her surviving spouse's pension. The board appeals.

We are asked to interpret the phrase "surviving spouse, while unmarried" found in section 4—114 of the Illinois Pension Code. (Ill. Rev. Stat. 1987, ch. 108½, par. 4—114(a).) The parties disagree as to

the construction of section 4—114(a).

The statute provides, in pertinent part:

"§4—114. Pension to survivors. If a firefighter dies ***, a pension shall be paid to his or her survivors *** as follows:

(a) To the surviving spouse, while unmarried, a monthly pension of 40% of the monthly salary ***." Ill. Rev. Stat. 1987, ch. 108½, par. 4—114(a).

Neither party has been able to cite any Illinois case construing this section of the statute, and our research confirms that such a case does not exist.

The board argues that the phrase "surviving spouse, while unmarried" is ambiguous, requiring the court to rely upon various canons of statutory construction to ascertain its meaning. Plaintiff contends that the phrase is clear and unambiguous and, thus, must be given its ordinary and popularly understood meaning. *Kozak v. Retirement Board of the Firemen's Annuity & Benefit Fund* (1983), 95 Ill. 2d 211, 215, 447 N.E.2d 394.

■■ We find the phrase to be plain and unambiguous. Plaintiff was the spouse of Lt. Airdo at the time of his death. By virtue of the death of her second husband, plaintiff is now unmarried. Therefore, under the ordinary and popularly understood meaning of "surviving spouse, while unmarried," plaintiff comes within the plain meaning of the statute.

The board argues that plaintiff permanently lost her status as the "surviving spouse" of Lt. Airdo once she married Mr. Siciliano. But, implicit in this argument is that the term "surviving spouse" means a person married to a decedent at the time of his death and who remains in an unmarried state. Attaching this meaning to "surviving spouse" would render the latter portion of the phrase, "while unmarried," superfluous—a practice which Illinois courts eschew. *Niven v. Siqueira* (1985), 109 Ill. 2d 357, 365-66, 487 N.E.2d 937.

■■ Section 4—101 of the Code declares a legislative intent that the firefighters' pension fund is established "for the benefit of its [the municipality's] firefighters and of their surviving spouses, children and certain other dependents." (Ill. Rev. Stat. 1987, ch. 108½, par. 4—101.) Pension laws should be liberally construed in favor of those whom the legislature intends to benefit. (*Kozak v. Retirement Board of the Firemen's Annuity & Benefit Fund* (1983), 95 Ill. 2d 211, 217, 447 N.E.2d 394.) A liberal construction of the phrase "surviving spouse, while unmarried" supports the conclusion that plaintiff falls within the rubric of the statute.

The board argues that under other articles of the pension system

(not applicable to the Village of Westchester fund), the benefits payable to a surviving spouse *terminate* upon remarriage. (Ill. Rev. Stat. 1987, ch. 108½, pars. 3—121, 5—147, 6—143.) We are urged to construe article 4 (which applies to the Village of Westchester fund) in the same manner so that plaintiff's benefits *terminate* on remarriage. This argument is misplaced.

■ In articles 3, 5 and 6, the legislature uses language that clearly expresses its intention to *terminate* the surviving spouse's benefits upon remarriage. In contrast, article 4 specifies that a surviving spouse shall receive benefits while unmarried. Therefore, under article 4, the surviving spouse's benefits are merely *suspended* by remarriage, while under articles 3, 5 and 6, remarriage *terminates* the surviving spouse's benefits. Because the legislature employed different language in the different articles, it can be presumed that the legislature intended different results. *Nelson v. Union Wire Rope Corp.* (1964), 31 Ill. 2d 69, 100, 199 N.E.2d 769.

■ Where a particular provision appears in a statute, the failure to include that same requirement in another section of the statute will not be deemed to have been inadvertent. (See *Illinois State Toll Highway Authority v. Karn* (1973), 9 Ill. App. 3d 784, 787-88, 293 N.E.2d 162, *appeal denied* (1973), 53 Ill. 2d 608.) The legislature demonstrated its ability to terminate the surviving spouse's pension rights upon remarriage in articles 3, 5 and 6 of the Illinois Pension Code. If it wanted to terminate the surviving spouse's pension rights in article 4, it could have employed similar language and accomplished that result. The fact that section 4—114 does not contain such language of termination is not inadvertent.

■ We therefore conclude that, under section 4—114, the legislature did not intend to terminate the surviving spouse's pension rights upon remarriage, but intended merely to suspend that right during the period of remarriage. This result was reached in several out-of-State jurisdictions. See *City of Henderson Police & Fireman Pension Board v. Riley* (Ky. App. 1984), 674 S.W.2d 27, 32; *Board of Trustees of Policemen's & Firemen's Retirement Fund v. Kennedy* (Ala. Civ. App. 1989), 547 So. 2d 886.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

DiVITO, P.J., and SCARIANO, J., concur.