THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. OZZIE PICKETT, Defendant-Appellant.

Fourth District   No. 4—91—0099

Opinion filed August 6, 1991.

Daniel D. Yuhas and Judith L. Libby, both of State Appellate Defender's Office, of Springfield, for appellant.

Donald D. Bernardi, State's Attorney, of Pontiac (Kenneth R. Boyle, Robert J. Biderman, and Elliott Turpin, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SPITZ delivered the opinion of the court:

Following a jury trial conducted in the circuit court of Livingston County, defendant was found guilty of the unlawful possession of a weapon by a person in the custody of the Illinois Department of Corrections (DOC) (Ill. Rev. Stat. 1989, ch. 38, par. 24—1.1(b)). Defendant was sentenced to a term of imprisonment of seven years to be served consecutive to the sentence he was serving at the time of the instant offense (Cook County case Nos. 82—11415, 82—11416). On appeal, the only issue raised is whether defendant was denied the effective assist-

ance of counsel when defense attorney conceded guilt during closing argument.

In an attempt to convince the jury that the defendant needed to possess the weapon in order to protect himself while in prison, defense counsel was bluntly honest with the jury. During opening argument, defense counsel stated defendant did not intend to deny he had a dagger-like instrument, but depending on the evidence, a defense of necessity might be available to defendant. Defense counsel informed the jury that, in the event no instruction on necessity was given to the jury, it should understand the trial court ruled such a defense was not available under the facts of the case.

In cross-examining the State's witnesses, defense counsel attempted to educe testimony of the dangerous nature of Pontiac Correctional Center, and the fact many inmates are armed. Defendant, after admitting he was found in possession of the weapon, testified he feared for his life. He further testified, however, that he would not attack or bother another inmate who is not armed, but he could not speak for some other inmates. While it is possible the situation might be better if no one carried a weapon, defendant testified he would rather carry one. On appeal, defendant admits testimony was not elicited which would advance a necessity defense or aid the defendant's cause. See *People v. Newbolds* (1990), 204 Ill. App. 3d 952, 562 N.E.2d 1051; *People v. Govan* (1988), 169 Ill. App. 3d 329, 523 N.E.2d 581.

During closing argument, defense counsel advised the jury that the trial court had determined there was insufficient evidence to warrant an instruction on the defense of necessity. Defense counsel also admitted the State had proved the elements of the offense and, "the law says you should find him guilty. There is no question about that." Nevertheless, defense counsel argued that a finding of guilty in this case merely condones the continued mismanagement of the prison by DOC and that a message demanding a change should be sent.

In *Govan*, cited earlier, this court rejected an ineffective assistance of counsel argument where defense counsel refused to make final arguments after the trial court rejected necessity as a defense. In *Govan*, there was no need to consider whether the failure to give a closing argument was conduct which fell below an objective level of reasonableness since defendant suffered no prejudice, having admitted all the elements of this strict liability offense.

Defendant relies on *People v. Hattery* (1985), 109 Ill. 2d 449, 488 N.E.2d 513, wherein an accused murderer's defense counsel, in an effort to avoid a death penalty, admitted defendant's guilt in opening

statement, failed to advance any theory of defense, and attempted to establish on cross-examination that defendant was compelled to kill the victims even though compulsion was not a legal defense to the charged offense. After noting that, in those cases where defense counsel advised defendant to admit guilt, the record must demonstrate the defendant's knowing consent to that strategy was communicated outside the presence of the jury, consistent with *Boykin v. Alabama* (1969), 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709, the *Hattery* court decided the action of defense counsel did not subject the prosecution's case to meaningful adversarial testing as required by the sixth amendment (U.S. Const., amend. VI) and *United States v. Cronic* (1984), 466 U.S. 648, 80 L. Ed. 2d 657, 104 S. Ct. 2039.

■ *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052, and *Cronic* were decided by the United States Supreme Court on May 14, 1984. *Strickland* was relied on by this court in *Govan*. However, *Strickland* and *Govan* do not involve trials wherein defense counsel in effect pleaded his client guilty and asked for the jury to be merciful. In *Strickland*, the United States Supreme Court set out the tests for determining whether counsel's performance was ineffective when a true adversarial criminal test has been conducted and demonstrable errors by defense counsel are claimed to have occurred. However, *Cronic* points out that there is a presumptive violation of the sixth amendment guarantee if no assistance is provided to defendant for his defense or if the process loses its character as a confrontation between adversaries.

In this case, as in *Hattery*, defense counsel unequivocally conceded defendant's guilt. (*Cf. People v. Chandler* (1989), 129 Ill. 2d 233, 543 N.E.2d 1290.) However, *Hattery* is also distinguishable from the case at bar. In *Hattery*, defense counsel attempted to present a defense of compulsion, even though compulsion was not available as a defense therein. Here, necessity was available as a defense if the evidence supported that theory. Defense counsel did not know until after the trial court heard the evidence and ruled that no instruction on necessity would be given. Trial counsel artfully explained to the jurors that defendant believed he had a defense which the court would not let them consider. This could well have enlisted the sympathy of the jurors to the defendant's side. The fact it did not does not render what defense counsel did ineffective assistance.

■ In order for the defense of necessity to be available at all, defendant must admit he committed the offense since necessity merely justifies an otherwise criminal act. (See Ill. Rev. Stat. 1989, ch. 38, par. 7—13.) On appeal, defendant does not argue it was inef-

fective assistance of counsel for defense counsel to attempt to present a necessity defense. Having admitted the offense and the trial court having denied the availability of the necessity defense, defendant is placed in what can be characterized as a virtual no-win situation, and defense counsel attempted to save defendant as best he could by resorting to a public policy argument.

In this case, there was a true adversarial relationship throughout trial and there was no ineffective assistance of counsel, even under the *Strickland* standard. For if defendant admitted guilt in order to argue the availability of necessity as a defense, the defense counsel's admitting defendant's guilt in closing argument could not have affected the outcome of the trial, especially in light of the fact that defendant does not argue on appeal that the trial court incorrectly ruled on the availability of the necessity defense.

For the foregoing reasons, the judgment of the circuit court of Livingston County is affirmed.

Affirmed.

LUND, P.J., and STEIGMANN, J., concur.