THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. CHRISTOPHER D. LAMB, Defendant-Appellee.

Second District   No. 2—89—1184

Opinion filed February 6, 1992.

NICKELS, J., dissenting.

Dennis Schumacher, State's Attorney, of Oregon (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

G. Joseph Weller and Paul J. Glaser, both of State Appellate Defender's Office, of Elgin, for appellee.

JUSTICE DUNN delivered the opinion of the court:

Defendant, Christopher Lamb, was convicted of residential burglary (Ill. Rev. Stat. 1989, ch. 38, par. 19—3(a)). Defendant contended in a post-trial motion that a portion of his grand jury testimony was erroneously admitted into evidence because he was not admonished during the grand jury proceedings about certain constitutional rights. The trial court vacated defendant's conviction and granted him a new trial. The State now appeals and asserts that the trial court erred by ruling that defendant's grand jury testimony should have been suppressed. We reverse and remand.

Defendant was arrested in June 1984 and charged by information with taking part in a residential burglary that had occurred a few weeks earlier. After his arrest defendant gave a statement to Sergeant Richard Wilkinson of the Ogle County sheriff's department. Defendant was subsequently subpoenaed to testify before a grand jury investigating the burglary.

On June 28, 1984, defendant appeared before the grand jury. He was accompanied by counsel. The State's Attorney asked defendant if his attorney had advised him of his rights in testifying before the grand jury. Defendant stated that his attorney had done so. After asking several questions about events that had transpired on the day of the burglary, the State's Attorney asked if defendant had anything else to say. Defendant then read a prepared statement which said that he was at the scene of the burglary on the day it took place with other alleged perpetrators but had not participated in the offense. Defendant's attorney had a copy of the statement introduced into evidence. The grand jury indicted defendant for the residential burglary.

On January 7, 1985, defendant was tried *in absentia*. The trial judge suppressed defendant's statement to Sergeant Wilkinson but allowed the State to introduce into evidence portions of defendant's grand jury testimony concerning the statement to Wilkinson. The jury found defendant guilty, and he was subsequently sentenced to a 15-year term of imprisonment.

Defendant argued in a prior appeal to this court that his grand jury testimony about the statement to Wilkinson should have been suppressed. This court agreed and granted defendant a new trial. (See *People v. Lamb* (1988), 176 Ill. App. 3d 203, 208.) The new trial, a bench trial, commenced on August 8, 1989.

The State sought to introduce defendant's prepared statement to the grand jury into evidence at the new trial. The trial judge stated that the testimony would only be admitted if the State could show as part of the foundation that defendant had been advised of his *Miranda* rights. The prosecuting attorney then read the portion of the grand jury testimony in which defendant acknowledged that his attorney had advised him of his rights. Defendant's attorney at trial argued that this was not sufficient because it could not be determined from the transcript what rights defendant had been advised about by his attorney from the grand jury proceeding. The trial judge rejected this argument and allowed defendant's prepared statement to the grand jury to be admitted into evidence.

The trial judge found defendant guilty. In his post-trial motion defendant contended that his aforementioned grand jury testimony should have been suppressed because he was not advised during the grand jury proceedings of certain rights as allegedly required under section 112—4(b) of the Code of Criminal Procedure of 1963 (Code) (Ill. Rev. Stat. 1989, ch. 38, par. 112—4(b)). At the hearing on this motion, the State presented an affidavit from George Fischer, the attorney who represented defendant during the grand jury hearing. The affidavit states that Fischer twice advised defendant prior to his grand jury testimony that defendant had the right to refuse to testify in order to avoid self-incrimination and that anything he said to the grand jury could be used against him in court.

The trial judge granted the motion and ruled that defendant was entitled to a new trial. The trial judge ruled that defendant's grand jury testimony should have been suppressed because a defendant who testifies before a grand jury is entitled to assert his or her fifth amendment right not to testify at trial. The State now appeals.

■ The reasoning employed by the trial court in granting defendant's motion was not correct. A defendant who waives his or her privilege against self-incrimination may reassert the privilege and refuse to testify at a subsequent proceeding concerning the same matter. (*People v. Ramirez* (1983), 98 Ill. 2d 439, 448-49.) Defendant's reassertion of the privilege does not render defendant's testimony in the former proceeding inadmissible in the later proceeding, however.

(*Ramirez*, 98 Ill. 2d at 465.) We must therefore determine whether the trial court's ruling should be sustained upon a different basis.

The relevant portion of the statute at issue here, section 112—4(b) of the Code, states as follows:

> "Any person subpoenaed who is already charged with an offense or against whom the State's Attorney is seeking a Bill of Indictment shall have the right to be accompanied by counsel who shall advise him of his rights during the proceedings but may not participate in any other way. Before any testimony is given by such a person, he shall be informed that he has the right to refuse to answer any question that will tend to incriminate him, that anything he says may be used against him in a court of law, that he has the right to be accompanied and advised of his rights by counsel, and that he will have counsel appointed for him if he cannot afford one." (Ill. Rev. Stat. 1989, ch. 38, par. 112—4(b).)

The official heading of section 112—4 is "Duties of Grand Jury and State's Attorney."

■ The State contends that the above requirements of section 112—4(b) were met in this case because defendant's attorney twice advised him prior to his grand jury testimony that he had a right to refuse to testify and that anything he said to the grand jury could be used against him in court. Relying largely upon the official heading of the statute, defendant argues that the State's Attorney must provide the necessary admonishments, and a review of the grand jury hearing transcript reveals that the State's Attorney failed to do so.

The official heading or title of a statute can provide guidance in interpreting the provision if its meaning is unclear. (*People v. Malone* (1979), 71 Ill. App. 3d 231, 232.) We do not believe section 112—4(b) is unclear, however, with respect to the issue in question. Section 112—4(b) merely states that a so-called target witness must be informed of certain rights before he or she gives any testimony at a grand jury proceeding. The provision does not specify who must inform the witness of those rights.

By contrast, in other portions of section 112—4 the legislature clearly specified that the State's Attorney was required to perform certain duties. For example, section 112—4(d) states that if 12 grand jurors agree that the evidence presented constitutes probable cause that an individual committed a crime, "the State's Attorney shall prepare a Bill of Indictment charging that person with such offense." (Ill. Rev. Stat. 1989, ch. 38, par. 112—4(d).) Additionally a portion of section 112—4(b) says that if the State's Attorney is seeking an indict-

ment against an individual previously charged by complaint or information and there was a finding of no probable cause at the preliminary hearing, "[t]he State's Attorney shall file an affidavit as part of the Grand Jury record indicating whether the jurors were advised of such previous findings of no probable cause and of their rights based upon such previous finding." Ill. Rev. Stat. 1989, ch. 38, par. 112—4(b).

Therefore, in section 112—4, if the legislature intended to designate certain tasks as duties which were to be performed by the State's Attorney it explicitly did so. As we have seen, however, section 112—4(b) only states that a target witness must be informed of the rights specified therein; it does not say that the State's Attorney must perform this task. We thus conclude that the affidavit presented by the State which showed that George Fischer twice advised defendant prior to his grand jury testimony that defendant had a right to refuse to testify and that his grand jury testimony could be used against him at trial was sufficient to establish compliance with section 112—4(b). The fact that Fischer was present at the grand jury hearing shows that defendant was also aware of his right to have counsel present during his grand jury testimony.

We are not persuaded to the contrary by defendant's contention that the purpose of the statutory requirement at issue is to ensure that defendants receive admonishments concerning their *Miranda* rights and that the court recognized in *Miranda v. Arizona* (1966), 384 U.S. 436, 469, 16 L. Ed. 2d 694, 720, 86 S. Ct. 1602, 1625, that such admonishments have greater impact when given by law enforcement officials. The court also recognized in *Miranda* that the presence of counsel during custodial interrogation is an adequate measure to protect the accused's right to avoid self-incrimination. (See *Miranda*, 384 U.S. at 466, 16 L. Ed. 2d at 719, 86 S. Ct. at 1623-24.) Section 112—4(b) not only permits a target witness to have counsel present during his or her grand jury testimony, but also further provides that counsel will be appointed if the witness cannot afford one. The legislature apparently felt that while some admonishment requirement was necessary to assure that target witnesses were aware of their *Miranda* rights, there was no need to require that the admonishments be given by the State's Attorney in order to lessen the coercive atmosphere of the proceeding when the provision concerning the presence and appointment of counsel was adequate to achieve that end.

The dissenting justice contends that section 112—4(b) admonishments must be given during the grand jury proceeding itself render-

ing the admonishments given by Fischer to defendant inadequate. The dissent relies upon a sentence from section 112—4(b) which states that a target witness who is testifying before a grand jury is entitled to be accompanied by counsel "who shall advise him of his rights during the proceedings but may not participate in any other way." (Ill. Rev. Stat. 1989, ch. 38, par. 112—4(b).) The dissent interprets this sentence as requiring the attorney of a target witness to admonish the witness during the grand jury proceeding about the rights mentioned specifically in the next sentence of the provision including the right to avoid self-incrimination. We disagree with this interpretation.

The sentence relied upon in the dissent does not mention any specific rights concerning which the attorney for the target witness must advise the witness. This is in complete contrast to the next sentence in section 112—4(b) which, as we have seen, mentions the rights the witness must be informed about, including the right to avoid self-incrimination and the right to the presence of counsel. The fact that the legislature did not specify any rights in the initial sentence indicates that its intention was to provide that the role of the attorney for the target witness is to give the witness advice during his or her testimony whenever the witness has a question about any of his or her rights. The sentence does not require any specific admonishment as the next sentence does.

Accordingly, we conclude with regard to the issue presented here that section 112—4(b) of the Code only requires that a target witness be informed of the rights specified therein, including the right to refuse to answer incriminating questions prior to presenting any testimony. Because the record in this case reveals that defendant was informed of those rights prior to presenting his grand jury testimony, the circuit court erred by granting defendant's post-trial motion, vacating his conviction, and ordering a new trial. Accordingly, we reverse the order of the circuit court of Ogle County granting the above relief, reinstate defendant's conviction and remand the cause for further proceedings.

Reversed and remanded.

GEIGER, J., concurs.

JUSTICE NICKELS, dissenting:
I respectfully dissent from the majority's interpretation of section 112—4(b) of the Code (Ill. Rev. Stat. 1989, ch. 38, par. 112—4(b)). Initially, I disagree with the majority's conclusion that section 112—4(b)

is not unclear. While the section directs that a target witness be informed of certain rights, it is not clear who has the duty to so admonish the witness or when such admonishments should be made.

The majority finds that the State's Attorney is not required to apprise a target witness of the rights specified in the last sentence of section 112—4(b). The majority does not address who should provide such warnings since the target witness herein, defendant, had an attorney who advised him prior to his testimony. I am not fully persuaded that the State's Attorney is not charged with the duty to inform a target witness of his or her rights. Although the United States Supreme Court has not conclusively determined that warnings are constitutionally required when a witness testifies before a grand jury (*United States v. Mandujano* (1976), 425 U.S. 564, 48 L. Ed. 2d 212, 96 S. Ct. 1768; *United States v. Washington* (1977), 431 U.S. 181, 52 L. Ed. 2d 238, 97 S. Ct. 1814), Illinois has long provided for such warnings (see, *e.g., People v. Cochran* (1924), 313 Ill. 508). The Illinois Supreme Court has recently overruled *Boone v. State* (1894), 148 Ill. 440, in *People v. J.H.* (1990), 136 Ill. 2d 1, based upon the remedy provided in that case (indictment was quashed in *Boone* because the prosecutor failed to advise the defendant of his constitutional rights before the grand jury), finding instead that suppression of the grand jury testimony would be a proper remedy. I do not read *J.H.* as providing that there was no violation of the defendant's rights in *Boone* which would go unremedied today but only that the remedy in *Boone* is no longer applicable. I note that the target witness in *J.H.* had received warnings by the prosecutor. (See generally *People v. Green* (1988), 179 Ill. App. 3d 1; *People v. Wurster* (1980), 83 Ill. App. 3d 399.) From a practical standpoint, it would behoove a State's Attorney to admonish a target witness rather than leave to chance that such rights will be given, as is the result under the majority's opinion. It would also remove any problems due to the attorney-client privilege should it be necessary to determine whether a witness' attorney advised the witness of his or her rights off the record. No issue regarding privilege was raised in the instant case.

In any event, the majority finds that the instant defendant's attorney advised defendant of his rights. Under section 112—4(b), a target witness has the right to be accompanied by an attorney "who shall advise [the witness] of his rights during the proceedings." (Ill. Rev. Stat. 1989, ch. 38, par. 112—4(b).) It is evident from the legislative history that this provision was intended to allow the witness' attorney to be physically present in the grand jury room during the proceedings. The other justices find, however, that a target witness'

attorney is not required to provide the specific admonishments found in the last sentence of section 112—4(b) in advising the witness of his or her "rights." They interpret the first sentence as merely providing that the role of the attorney for the target witness is to give the witness advice during his or her testimony whenever the witness has a question about his or her rights.

I do not disagree that a target witness' attorney would be present to advise the witness of his or her rights during the proceedings. The attorney's role in this respect is broader than merely advising the witness of the specific rights enumerated in the last sentence of section 112—4(b). However, such "rights" would obviously include the right to refuse to answer questions which may tend to incriminate the witness and that anything the witness says could be used against the witness in a court of law. I find that the last sentence specifies what those "rights" must include, at a minimum, when a witness' attorney "shall advise him of his rights during the proceedings." (Ill. Rev. Stat. 1989, ch. 38, par. 112—4(b).) Furthermore, the phrase "during the proceedings" indicates the time that such admonishments must be given. I base this interpretation on the fact that the purpose of the first sentence in section 112—4(b) is to ensure that the witness' attorney is physically present *during* the proceedings to advise the witness of his or her rights. Also, prior case law in Illinois shows that such admonishments should be given at or during the proceedings. The close proximity of the warnings to a target witness' testimony and the solemnity of the grand jury setting seem likely to increase their effectiveness as well. See *Washington,* 431 U.S. at 191, 52 L. Ed. 2d at 247, 97 S. Ct. at 1821.

While the majority's opinion states that a target witness' attorney is not required to give any specific admonishments under section 112—4(b), the effect of its decision has placed that duty on the witness' attorney. It acknowledges that certain rights must be given to the target witness, but that there is no duty on the State's Attorney to so advise the witness. By the majority's reasoning, the duty to admonish the witness herein fell on the witness' attorney in the absence of some other individual advising the witness. Thus, the "rights" the witness' attorney was required to give the witness included the specific rights listed in section 112—4(b). The majority's decision has placed the duty to provide specific admonishments on the witness' attorney despite their conclusion that there is no such duty on the witness' attorney.

Since the witness' attorney gave the instant defendant certain admonishments prior to the proceedings, the majority concludes that the

statute was met. I disagree. The rights must be given "during the proceedings." The defendant's attorney's affidavit does not provide that the rights were given during the grand jury proceedings but "just prior to" the grand jury testimony. I believe requiring such advice *during* the proceedings largely removes any questions concerning how long "prior to" the testimony is too long to make the warnings effective. Therefore, I do not believe the statute has been complied with, and I would reverse.