THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHRISTOPHER LAMB, Defendant-Appellant.

Second District    No. 2—92—1333

Opinion filed May 25, 1994.—Modified on denial of rehearing August 17, 1994.

G. Joseph Weller and Paul J. Glaser, both of State Appellate Defender's Office, of Elgin, for appellant.

Douglas P. Floski, State's Attorney, of Oregon (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE COLWELL delivered the opinion of the court:

Defendant, Christopher Lamb, was convicted of residential burglary (Ill. Rev. Stat. 1991, ch. 38, par. 19—3(a) (now 720 ILCS 5/19—3(a) (West 1992))). Defendant contends on appeal that his right to have the trial judge review the sufficiency of the evidence during his post-trial motion was denied since the trial judge erroneously believed that he had no authority to enter an acquittal at that stage of the proceedings. We reverse.

Defendant was arrested in June 1984 and charged with participating in a residential burglary. Defendant gave a statement to Sergeant Richard Wilkinson of the Ogle County sheriff's department. Defendant also read a prepared statement at the grand jury proceedings in which he admitted that he was at the scene of the burglary with the alleged perpetrators but had not participated in the offense. The grand jury indicted defendant for the residential burglary.

Defendant was tried *in absentia* on January 7, 1985. The trial judge suppressed defendant's statement to Wilkinson but allowed the State to introduce into evidence portions of defendant's grand jury testimony concerning the statement to Wilkinson. A jury found defendant guilty and the trial court sentenced defendant to a 15-year term of imprisonment.

Defendant argued in a previous appeal to this court that his grand jury testimony as to the statement to Wilkinson should have been suppressed. This court agreed and granted defendant a new trial. See *People v. Lamb* (1988), 176 Ill. App. 3d 203, 208.

Defendant's new trial, a bench trial, began on August 8, 1989. The trial judge allowed the State's request to admit portions of defendant's prepared statement to the grand jury into evidence. The trial judge then found defendant guilty. Defendant filed a post-trial motion asking the court to "set aside its verdict and enter a verdict of acquittal." Defendant contended that his grand jury testimony should have been suppressed and that, without that statement, the evidence was insufficient to prove the offense of residential burglary. During the August 24, 1987, hearing on this motion, the following exchange occurred:

"THE COURT: First, you've got to change your post trial motion. There is no provisions [*sic*] under this law for an acquittal at this stage.

MR. MILLER: [defense attorney] I think there is, your Honor, and the point is this, without that testimony, they could not convict him.

THE COURT: I don't care, the only remedy for you is either a new trial, that's the only remedy, or if I deny your motion, of course, your remedy is to appeal. But there is no provisions [*sic*] under the law, case law or statute, that permits a judge at this stage to enter a finding of not guilty.

MR. MILLER: Alright, I'll orally move for a new trial, your Honor."

The trial court found that defendant's grand jury testimony should have been suppressed. Therefore, the trial court granted the motion and ruled that defendant was entitled to a new trial. The State appealed from this ruling. This court reversed the circuit court, reinstated defendant's conviction, and remanded the cause for further proceedings. See *People v. Lamb* (1992), 224 Ill. App. 3d 950.

The parties reappeared in the circuit court for defendant's sentencing hearing on October 13, 1992. The trial court received evidence and argument in aggravation and mitigation and then resentenced defendant to a 15-year term of imprisonment. This appeal followed.

Defendant contends that he was denied the right to have the trial judge conduct a full and fair post-trial evaluation of defendant's contentions relating to the insufficiency of the evidence since the judge misunderstood the full extent of his authority to enter a judgment of acquittal. Defendant argues that, as a result of the trial court's decision to order a new trial at the August 24, 1989, hearing, the State was ultimately able to obtain the reinstatement of the conviction. Defendant contends that if the trial judge had gone on to rule on the sufficiency of the evidence at the August 24 hearing, defendant would very likely have received an acquittal, a nonappealable order, so that defendant could not have been retried. Defendant concludes that since he was denied his right to full post-trial review and the opportunity for an acquittal, this court should reverse the trial court's judgment below.

We agree with defendant that it was within the trial court's discretion to grant defendant an acquittal at the post-trial stage in the proceedings. (*People v. Van Cleve* (1982), 89 Ill. 2d 298, 303-04.) In *Van Cleve*, the defendants moved for directed verdicts at the close of all the evidence. The motions were denied and the defendants were found guilty. Defendant Van Cleve then specifically requested a judgment of acquittal in his motion for a new trial. The trial court entered a judgment of acquittal notwithstanding the verdict. Our supreme court affirmed that it was proper for the trial judge to enter a judgment of acquittal notwithstanding the verdict if the judge concluded that his earlier decision denying the directed verdict was erroneous. *Van Cleve*, 89 Ill. 2d at 303-04.

The supreme court noted that "[a]n order directing a verdict and a judgment notwithstanding the verdict are in substance the same, because they provide the same relief and are applicable on the same insufficiency-of-evidence ground." (*Van Cleve*, 89 Ill. 2d at 303.) Of course, both are within the province of the trial court. Accordingly, since a directed verdict is considered to be an acquittal and a judgment notwithstanding a verdict has been determined to have the same effect as a directed verdict, a judgment notwithstanding the verdict is also considered a nonappealable judgment of acquittal. *Van Cleve*, 89 Ill. 2d at 307; *People v. Rey* (1985), 136 Ill. App. 3d 645, 650.

Defendant correctly notes that error is committed when a trial court refuses to exercise discretion due to the erroneous belief that it has no discretion as to the question presented. (*People v. Queen* (1974), 56 Ill. 2d 560, 565; *Mizell v. Passo* (1989), 192 Ill. App. 3d 435, 441.) The transcript clearly indicates that the trial judge was under the erroneous impression that the only remedy for defendant at the post-trial stage was a new trial or an appeal if the judge denied defendant's motion.

We conclude that the trial court's error requires our outright reversal of defendant's conviction. This court has previously determined that an order for a new trial is, in effect, a determination on the sufficiency of the evidence. (*People v. Mink* (1989), 186 Ill. App. 3d 316, 323, *rev'd on other grounds* (1990), 141 Ill. 2d 163, 174, *cert. denied* (1991), 501 U.S. 1235, 115 L. Ed. 2d 1030, 111 S. Ct. 2863.) We acknowledge that *Mink* concerned issues of double jeopardy which are not relevant to the instant case. Accordingly, we cite *Mink* solely for the limited purpose of showing that Judge Lenz's order granting a new trial, coupled with the State's certificate of impairment, constituted a review of the sufficiency of the evidence from which he should have exercised his discretion to acquit defendant. Since the trial court previously found the evidence insufficient, we reverse the defendant's conviction outright. We therefore avoid subjecting defendant to double jeopardy. See *People v. Taylor* (1979), 76 Ill. 2d 289, 309.

The State argues that defendant waived his present claim by failing to raise the matter during the State's earlier appeal to this court. Indeed, the trial judge's comments regarding his inability to acquit defendant at the post-trial stage were made during the post-trial proceedings prior to the *previous* appeal of this case. Therefore, we must determine if defendant had a duty to raise this issue in a cross-appeal.

It has been held that the right of appeal from an order granting a motion to suppress evidence prior to a conviction is provided solely for the State. (*People v. Kepi* (1978), 65 Ill. App. 3d 327, 331.) Similarly, we believe that the trial court's order here suppressing the grand jury testimony and granting defendant a new trial was not a final order from which defendant could appeal even though the suppression order occurred after defendant's conviction.

The final judgment in a criminal case is the sentence. (*People v. Richardson* (1993), 252 Ill. App. 3d 593, 595.) However, the State may appeal from an order or judgment the substantive effect of which results in suppressing evidence. (145 Ill. 2d R. 604(a)(1).) We believe the order here suppressing defendant's grand jury testimony and ordering a new trial is not a final order from which defendant could appeal because it does not finally terminate the litigation or dispose of the issues between the parties; rather, it is an interlocutory, and thus unappealable, order as to the defendant. We also reject the State's argument that defendant was obligated to file a petition for rehearing as to the trial judge's alleged error. Further, this court's mandate, which reversed the trial court's order suppressing the evidence, reinstated defendant's conviction, and remanded this case for

14

further proceedings, effectively undermined defendant's chance to raise successfully this issue in the trial court on remand. Accordingly, we conclude that defendant did not waive his right to raise the issue in this appeal.

We conclude that the trial court's failure to recognize its authority to enter a judgment *n.o.v.* was reversible error which requires our reversal of defendant's conviction. Accordingly, defendant's conviction is reversed outright.

Reversed.

QUETSCH and PECCARELLI, JJ., concur.