CARMELLA WALTER HORAN, Plaintiff-Appellee, v. RETIREMENT BOARD OF POLICEMEN'S ANNUITY AND BENEFIT FUND OF CHICAGO, Defendant-Appellant.

First District (4th Division) No. 1—93—3118

Opinion filed May 25, 1995.

David R. Kugler, of Chicago, for appellant.

Rock, Fusco, Reynolds & Garvey, Ltd., of Chicago (Kevin W. Horan, of counsel), for appellee.

JUSTICE SHEILA O'BRIEN delivered the opinion of the court:

Defendant, the Retirement Board of Policemen's Annuity & Benefit Fund of the City of Chicago, made annuity payments to plaintiff, the widow of a Chicago police officer, until she remarried on November 26, 1989, at the age of 55. Defendant stopped making payments pursuant to section 5—147 of the Illinois Pension Code then in effect, which provided "[i]f a widow remarries before reaching age 60, annuity payments shall be suspended, but the widow's annuity payments shall be resumed if, within one year after such payments were suspended, the subsequent marriage ends either by dissolution of marriage, declaration of invalidity of marriage or the death of the husband." (Ill. Rev. Stat. 1989, ch. 108$^{1}$/$_{2}$, par. 5—147.) Plaintiff's second husband died on June 28, 1992, and plaintiff asked defendant to reinstate her annuity benefits pursuant to amended section 5—147, effective January 14, 1991. The 1991 amendment removes the one-year limitations period and provides "the widow's annuity payments shall be resumed if the subsequent marriage ends either by dissolution of marriage, declaration of invalidity of marriage or the death of the husband." (40 ILCS 5/5—147 (West 1992).) Defendant denied her application and plaintiff filed a complaint for administrative review in the circuit court of Cook County. The court reversed defendant's decision, ruling plaintiff was entitled to the resumption of benefits. Defendant appeals. We affirm.

Defendant argues section 5—147, in effect when plaintiff remarried and when she and her husband celebrated their one-year anniversary, permanently terminated plaintiff's annuity benefits when her remarriage lasted longer than one year. Plaintiff contends section 5—147 then in effect merely suspended her benefits. Further, plaintiff argues amended section 5—147, in effect at the time of her second husband's death, requires defendant to resume payment of her annuity benefits.

We agree with plaintiff. Section 5—147 in effect in 1989 states

annuity benefits are *suspended* when a police officer's widow remarries before reaching age 60. Although the statute provides for the resumption of benefits if the marriage ends within one year, it does not state benefits are *terminated* if the marriage lasts longer than the one-year period. Therefore, we conclude the legislature intended the annuity benefits to remain suspended if the marriage lasts longer than one year.

We find support for our holding by comparing the language in section 5—147 in effect in 1989 with the language in its predecessor statute. The predecessor statute stated "[a]ny annuity granted to a widow shall *terminate* when she remarries." (Emphasis added.) (Ill. Rev. Stat. 1965, ch. 108$^{1}$/$_{2}$, par. 5—147.) By contrast, section 5—147 in effect in 1989 states "any annuity granted to a widow shall be *suspended* when she remarries." (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 108$^{1}$/$_{2}$, par. 5—147.) Since the later statute replaced the word "terminated" with "suspended," we presume the legislature intended to change the 1965 law. *Orland Fire Protection District v. Intrastate Piping & Controls, Inc.* (1994), 266 Ill. App. 3d 744, 751, 637 N.E.2d 641.

Defendant argues the title of section 5—147 in effect in 1989, "[w]idow's marriage to terminate annuity," demonstrates a contrary intent. However, the title of a statute is useful only when it sheds light on an ambiguous word or phrase. (*People v. Lamb* (1992), 224 Ill. App. 3d 950, 587 N.E.2d 61; *Brotherhood of R.R. Trainmen v. Baltimore & Ohio R.R. Co.* (1947), 331 U.S. 519, 91 L. Ed. 1646, 67 S. Ct. 1387.) We find no ambiguity in the text of section 5—147 in effect in 1989, which clearly states annuity benefits are suspended when a police officer's widow remarries before reaching age 60.

Defendant argues we came to the opposite conclusion in *Siciliano v. Village of Westchester Firefighters' Pension Fund* (1990), 202 Ill. App. 3d 964, 967, 560 N.E.2d 885, when we stated "[t]he legislature demonstrated its ability to terminate the surviving spouse's pension rights upon remarriage in [then-section 5—147.]" However, in *Siciliano* we were interpreting section 4—114 of the Pension Code, not then-section 5—147. Our statement concerning section 5—147 in effect in 1989 was *dicta* and is not binding upon us in this case.

Having determined section 5—147 in effect in 1989 merely suspended plaintiff's annuity benefits, we next conclude the 1991 amendment requires defendant to resume those payments. The amended statute, effective January 14, 1991, requires the resumption of annuity payments when the second marriage ends by the death of the spouse, even if the death occurs more than one year after the date of the marriage. Plaintiff's second husband died after the effec-

tive date of the amended statute, and therefore plaintiff is entitled to the resumption of her benefits.

Affirmed.

HOFFMAN, P.J., and CAHILL, J., concur.