THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LAWRENCE CARTER, Defendant-Appellant.

Fourth District No. 4—98—0478

Argued June 22, 1999.—Opinion filed August 12, 1999.

Daniel D. Yuhas and Catherine K. Hart, both of State Appellate Defender's Office, of Springfield, for appellant.

Larry S. Mills, State's Attorney, of Danville (Norbert J. Goetten, Robert J. Biderman, and Charles F. Mansfield, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

On May 22, 1998, a jury found defendant Lawrence Carter guilty of driving with a suspended license (DWS) (625 ILCS 5/6—303 (West Supp. 1997)) and operating an uninsured vehicle (625 ILCS 5/3—707 (West 1996)). The jury acquitted defendant of illegal transportation of alcohol (625 ILCS 5/11—502 (West 1996)). On June 4, 1998, the trial court orally granted defendant an acquittal notwithstanding the verdict on the charge of DWS, with a written order to be drafted by defense counsel. On June 5, 1998, the trial court vacated the acquittal without signing the written order and ordered a new trial. The trial court found it had erred at trial in excluding evidence of defendant's suspended license. On June 8, 1998, defendant filed a motion to bar retrial as prohibited by the double jeopardy clauses of the state and federal constitutions (U.S. Const., amends. V, XIV; Ill. Const. 1970, art. I, § 10). The trial judge denied the motion. We affirm.

Around 8:30 p.m., on December 2, 1997, Danville police officer Nathan Howie stopped defendant. Howie knew defendant's license to be suspended. Defendant was not able to produce any identification or a valid insurance card. After Howie radioed the police department for more information, Carter was issued citations for DWS and operating an uninsured vehicle. Howie searched defendant's car upon arresting him and found an open beer can. He then issued defendant a citation for illegal transportation of alcohol.

On May 22, 1998, a jury trial was held. Howie's testimony related the details of the traffic stop and his knowledge of defendant's suspended license. During the trial, the State offered a certified transcript of a record of suspension from the Illinois Department of the Secretary of State indicating defendant's license was suspended when he was pulled over. In response to defense counsel's objection, the trial court excluded the transcript as hearsay. At the close of the State's case, defendant moved for a directed verdict on the DWS

charge. The trial court rejected defendant's motion, concluding Howie's testimony provided some evidence to support the charge.

In an attempt to present a necessity defense, defendant and his stepbrother testified defendant has diabetes. Defendant testified he was driving himself to the hospital to receive an insulin injection when he was stopped by Howie. The trial court rejected defendant's necessity defense instruction. Again, the jury returned a verdict of not guilty on the count of illegal transportation of alcohol and guilty on the remaining counts.

On May 28, 1998, defendant filed a posttrial motion for acquittal notwithstanding the verdict or, in the alternative, a new trial. The motion raised several grounds, including that defendant was not proved guilty beyond a reasonable doubt of DWS. On June 4, 1998, the trial court granted defendant's motion for acquittal on this ground. The trial court's docket entry states:

> "Judgment of acquittal is entered as to the charge of DAS [(driving after a license suspension)]. Written order to follow from [Public Defender] Scott Lerner."

A bystanders report of the June 4, 1998, hearing contains identical language. Lerner prepared an order finding defendant not guilty of DWS. This order was signed by the prosecutor, but not the judge.

On June 5, 1998, the trial judge stated the written order reasonably reflected his position the day before. However, the trial court *sua sponte* vacated the judgment of acquittal on the DWS charge and granted defendant's motion for a new trial. The judge stated he granted the judgment notwithstanding the verdict because the only testimony of defendant's license suspension was the testimony of Howie, which had not been accepted for its truth, but only to establish probable cause for the stop.

The trial judge concluded he had erred in excluding the transcript of the record of suspension. On appeal, defendant concedes this was error. The trial judge stated he was reconsidering both this ruling and the ruling on the posttrial motion. The judge stated, "I have no choice but to find that my error has caused substantial inequity to the State."

On June 8, 1998, defendant filed a motion to dismiss the DWS count because double jeopardy barred retrial. This motion was denied. The trial judge stated the acquittal was subject to presentation of an acceptable final written order. Because he had not signed the order, he concluded the prior DWS conviction remained in effect. The court stated that, even had the order been approved, the court has "inherent authority to do manifest justice to both of the parties and that would include a reconsideration of a ruling within the 30[-]day time period." Defendant seeks an immediate appeal of the trial court's order under Supreme Court Rule 604(f) (145 Ill. 2d R. 604(f)).

■ Defendant argues a new trial on the DWS charge is barred because of the June 4, 1998, docket entry acquitting him of the charge. The double jeopardy clause protects against a second prosecution for the same offense after an acquittal. *United States v. Wilson*, 420 U.S. 332, 342-43, 43 L. Ed. 2d 232, 241, 95 S. Ct. 1013, 1021 (1975).

The trial court's actions in this case raise two double jeopardy issues: (1) whether the trial court could vacate its oral acquittal; and (2) assuming it could, whether it could then order a new trial. The State argues the June 4, 1998, acquittal was not effective because the trial judge vacated it without signing defense counsel's proposed written order. At the posttrial motion on the double jeopardy issue, the trial court concluded the acquittal was tentative, dependent on submission of an acceptable written order. However, what constitutes an acquittal for purposes of the double jeopardy clause is not necessarily controlled by the form of the judge's action or the label the judge attaches to it. *People v. Deems*, 81 Ill. 2d 384, 388-89, 410 N.E.2d 8, 10 (1980).

■ The test for determining whether an acquittal occurred is whether the trial court's action " 'actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged.' " *People ex rel. Daley v. Crilly*, 108 Ill. 2d 301, 311, 483 N.E.2d 1236, 1241 (1985), quoting *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 571, 51 L. Ed. 2d 642, 651, 97 S. Ct. 1349, 1355 (1977). The June 4, 1998, docket entry and bystanders report state unequivocally that defendant is acquitted of the DWS charge. The trial judge stated the defense counsel's written order reasonably reflected his position when the docket entry was made.

■ The acquittal was effective when announced. See *People v. Poe*, 121 Ill. App. 3d 457, 462, 459 N.E.2d 667, 671 (1984) (directed verdict is effective when announced). A judgment notwithstanding the verdict is, in substance, the same as a directed verdict. *People v. Van Cleve*, 89 Ill. 2d 298, 303, 432 N.E.2d 837, 839 (1982); *People v. Lamb*, 265 Ill. App. 3d 10, 12, 638 N.E.2d 1203, 1205 (1994).

■ The next issue is whether the trial court had the authority to reconsider its acquittal. For purposes of the double jeopardy clause, the power of the trial court to reconsider an acquittal notwithstanding the verdict is analogous to the power of an appellate court to review the same order. While the United States Supreme Court has not directly addressed the issue, it is generally accepted that an appellate court may review an acquittal notwithstanding the verdict. *United States v. Covino*, 837 F.2d 65, 67-68 (2d Cir. 1988); *United States v. Woodruff*, 600 F.2d 174, 175 (8th Cir. 1979); *United States v. Blasco*, 581 F.2d 681, 683-84 (7th Cir. 1978); *United States v. Jenkins*, 420 U.S. 358, 365, 43 L. Ed. 2d 250, 256, 95 S. Ct. 1006, 1011 (1975) (in *dicta*).

Similarly, here, the trial court did not violate the double jeopardy clause by reconsidering its prior acquittal.

■ Article VI of the Illinois Constitution places additional restrictions on the State's ability to appeal an acquittal. See Ill. Const. 1970, art. VI, § 6. This provision is broader than the double jeopardy clause and prohibits the State from appealing a trial court's decision to acquit notwithstanding a guilty verdict. *Van Cleve*, 89 Ill. 2d at 307, 432 N.E.2d at 841. However, this restriction is specific to appeals and does not limit the State's ability to move to reconsider the trial court's decision in the defendant's favor. See *People v. Mink*, 141 Ill. 2d 163, 171, 565 N.E.2d 975, 978 (1990).

■ We next consider whether the trial court properly exercised its authority in reconsidering the acquittal and in granting a new trial pursuant to defendant's motion. A motion for an acquittal notwithstanding the verdict asserts that as a matter of law the evidence is insufficient to support a finding or verdict of guilty. The trial court must consider only whether a reasonable mind can fairly conclude the guilt of the accused beyond a reasonable doubt, considering the evidence most strongly in the State's favor. *People v. Rey*, 136 Ill. App. 3d 645, 650, 483 N.E.2d 982, 986 (1985).

The State argues the evidence actually presented at trial was sufficient to support a conviction; the jury could infer defendant was driving without a license from Howie's testimony; defendant's demeanor in court implied he had knowledge of his guilt; and his necessity defense implied an admission of the elements of the offense. The State asserts the trial court should have simply reinstated defendant's conviction when it vacated the acquittal.

■ The only elements necessary to prove the offense of driving a motor vehicle after the revocation of one's driving privilege are (1) the act of driving a motor vehicle on the highways of Illinois; and (2) the fact of the revocation of the driver's license or privilege. *People v. Papproth*, 56 Ill. App. 3d 683, 686, 371 N.E.2d 1097, 1099 (1977). Only the second element is in dispute.

■ The State may prove defendant's license was revoked from facts other than a driving abstract. *People v. O'Connell*, 24 Ill. App. 3d 792, 793, 321 N.E.2d 535, 536 (1974) (State proved case by testimony of police officer who related defendant's admission to driving with a suspended license). The jury could infer defendant was driving without a license from Howie's testimony that he knew defendant's license was revoked and defendant's admission that he was guilty of the elements of the offense when he presented a necessity defense. This admission continues even though the trial court refused to allow defendant to present a necessity defense instruction to the jury. See *People v. Pickett*, 217 Ill. App. 3d 426, 428, 577 N.E.2d 502, 504 (1991).

■ Finally, we determine whether the trial court had the authority to order a new trial. A new trial is allowed if a conviction is set aside due to a procedural error, but not if it is set aside because the evidence was not sufficient to convict. *Mink*, 141 Ill. 2d at 173-74, 565 N.E.2d at 979-80. The June 4, 1998, docket entry reflected a decision the evidence presented at trial was not sufficient to convict defendant of DWS.

However, the order for a new trial reflected a decision that the jury's verdict was merely against the weight of the evidence. See *Rey*, 136 Ill. App. 3d at 650, 483 N.E.2d at 986. Therefore, a new trial was permissible under the double jeopardy clause. See *Tibbs v. Florida*, 457 U.S. 31, 72 L. Ed. 2d 652, 102 S. Ct. 2211 (1982). In *Tibbs*, the Supreme Court stated:

"[W]hen a reversal rests upon the ground that the prosecution has failed to produce sufficient evidence to prove its case, the Double Jeopardy Clause bars the prosecutor from making a second attempt at conviction.

As we suggested just last Term, these policies do not have the same force when a judge disagrees with a jury's resolution of conflicting evidence and concludes that a guilty verdict is against the weight of the evidence. See *Hudson v. Louisiana*, 450 U.S. 40, 44-45, n. 5 (1981). A reversal on this ground, unlike a reversal based on insufficient evidence, does not mean that acquittal was the only proper verdict. Instead, the appellate court sits as a 'thirteenth juror' and disagrees with the jury's resolution of the conflicting testimony. This difference of opinion no more signifies acquittal than does a disagreement among the jurors themselves. A deadlocked jury, we consistently have recognized, does not result in an acquittal barring retrial under the Double Jeopardy Clause. Similarly, an appellate court's disagreement with the jurors' weighing of the evidence does not require the special deference accorded verdicts of acquittal." *Tibbs*, 457 U.S. at 42, 72 L. Ed. 2d at 661-62, 102 S. Ct. at 2218.

Therefore, after the trial court reconsidered its acquittal notwithstanding the verdict and reinstated the jury's guilty verdict, it could then grant defendant's motion for a new trial.

Having determined the trial court had the authority to order a new trial, we do not determine whether it properly exercised that authority here. Once the acquittal was vacated, the new trial order benefitted defendant. The State may not appeal the trial court's decision to grant a defendant a new trial. *People v. Allen*, 168 Ill. App. 3d 397, 402, 521 N.E.2d 1172, 1175 (1987); 145 Ill. 2d R. 604(a)(1).

874

For all of the above reasons, we affirm.

Affirmed.

COOK and MYERSCOUGH, JJ., concur.