THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* DAVID P. BROWN, Defendant-Appellee.

Third District   No. 3—83—0013

Opinion filed October 13, 1983.

Gary L. Morris, Assistant Corporation Counsel, of Peoria, for the People.

No brief filed for appellee.

JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from the dismissal of the charge against the defendant, David P. Brown, of driving with a suspended license. In its dismissal of the charge, the trial court ruled that the provisions of section 6—303(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1979, ch. 95½, par. 6—303(a)), forbidding driving with a suspended or revoked license, do not apply to a nonresident driver whose license has been issued, and subsequently suspended by another State.

The relevant facts are few. The defendant, David Brown, was charged with driving while his license was suspended pursuant to section 6—303(a) of the Illinois Vehicle Code after he was stopped on August 13, 1980, by a Peoria police officer. At that time, the defendant was a resident of the State of Iowa and held an Iowa driver's license. A check of his license number apparently revealed that his driving privilege had been suspended by the State of Iowa.

Defendant appeared in court on September 1, 1980, and requested a bench trial. When he failed to appear on November 3, 1980, a warrant was issued for his arrest. Two years later, he was apprehended on the warrant while again traveling through the city of Peoria.

Appearing before the court on November 5, 1982, the defendant indicated the he intended to plead guilty. The court requested a factual basis for the plea from the State and was informed that the defendant was driving with a suspended Iowa license at the time he was initially stopped. After two continuances, on November 29, 1982, the court, on its own motion, dismissed the charge against the defendant. The State appeals from the dismissal of the charge.

The defendant-appellee has not submitted a brief in the instant appeal. However, we have reviewed the record and the brief of the appellant and find the issue to be presented sufficiently to enable this court to reach a decision on the merits. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

The sole issue in this case is whether section 6—303(a) of the Illinois Vehicle Code applies to nonresident as well as resident drivers within the State of Illinois.

The relevant statutory language of section 6—303(a) is as follows:

"Any person who drives a motor vehicle on any highway of this State at a time when his driver's license or permit or privilege so to do or his privilege to obtain a license or permit *under this Act* is revoked or suspended as provided by *this Act or any other Act*, except as may be allowed by a restricted driving permit issued under this Act, shall be guilty of a Class A misdemeanor." (Emphasis added.) Ill. Rev. Stat. 1979, ch. 95½, par. 6—303(a).

In its brief, the State takes the position that it is clear in reading this statute that persons who have Illinois licenses that are suspended by the Illinois Secretary of State can be charged with the above offense, and it is "maybe less clear" as to nonresident drivers whose licenses have been suspended by their home State. In addition, the State admits that it is unable to refer this court to any cases which support its position. Rather, the State argues that, while the prior language of the statute clearly did not apply to nonresident drivers, the present language, in contrast, does. Specifically, the State relies on the words "or any other Act" which were added by amendment in 1957 and which, according to the State, "must be given meaning."

■ We agree that these words must be given meaning; however, we are unable to adopt the strained interpretation which the State suggests. Just as the term "Act," by definition, refers to the Illinois Vehicle Code when used within chapter 95½ (Ill. Rev. Stat. 1981, ch. 95½, par. 1—101.1), so is it reasonable to conclude that "other Acts" are those acts adopted by the Illinois General Assembly and not acts adopted by the legislatures of other States. See, *e.g.*, Ill. Rev. Stat. 1981, ch. 38, par. 12—5 and ch. 37, par. 702—9, referred to in section 6—205 describing grounds for mandatory revocation.

■ It is an elementary rule of statutory construction that penal statutes are to be strictly construed against the State and in favor of the defendant. (*Edwards v. Hill* (1849), 11 Ill. 22.) Furthermore, the interpretation which is the most rational and sensible is the one to be adopted. (*People v. Hudson* (1970), 46 Ill. 2d 177, 263 N.E.2d 473.) In

the instant case it is clear that, had the General Assembly intended to have included nonresident drivers whose licenses had been suspended from their home State within the bounds of section 6—303, it could have easily done so expressly. (*People ex rel. Hansen v. Collins* (1933), 351 Ill. 551, 184 N.E.2d 641.) However, it did not.

A reading of the second subparagraph of section 6—303 further supports this determination. (Ill. Rev. Stat. 1979, ch. 95½, par. 6—303(b).) That paragraph grants the Secretary of State the authority to extend the defendant's period of suspension or of revocation upon receiving a report of a conviction under subparagraph 6—303(a). This subparagraph clearly refers to, and only to, licenses issued, and later suspended or revoked, by the Secretary of the State of Illinois.

█ We do not conclude that, under these facts, the defendant could not have been prosecuted. We only conclude that section 6—303(a) of the Illinois Vehicle Code was not the proper means to do it. *People v. Johnson* (1983), 115 Ill. App. 3d 987, 989.

Accordingly, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

STOUDER and BARRY, JJ., concur.