THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. RICHARD A. WEAKLEY, JR., Defendant-Appellee.

Third District   No. 3—88—0147

Opinion filed November 15, 1988.

Samuel Naylor VI, State's Attorney, of Carthage (Gary F. Gnidovec, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Richard A. Weakley, Jr., of Dallas City, appellee *pro se.*

JUSTICE HEIPLE delivered the opinion of the court:

The State appeals from dismissal of the defendant's charge of driving while his license was revoked (Ill. Rev. Stat. 1987, ch. 95½, par. 6—303(a)). We affirm.

Initially, we note that the defendant, Richard A. Weakley, Jr., has filed no appellee's brief. However, we address the case under the authority of *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

This case presents the sole question of whether section 6—303(a) of the Illinois Vehicle Code (the Code) is a basis to charge the Iowa resident-defendant for driving in Illinois when his Iowa driver's li-

cense was revoked by Iowa.

In relevant part, section 6—303(a) currently provides as follows:

"(a) Any person who drives or is in actual physical control of a motor vehicle on any highway of this State at a time when such person's driver's license \*\*\* is revoked or suspended as provided *by this Code or any other law,* except as may be specifically allowed \*\*\* *pursuant to this Code,* shall be guilty of a Class A misdemeanor." (Emphasis added.) Ill. Rev. Stat. 1987, ch. 95½, par. 6—303(a).

The 1979 edition of the relevant part of section 6—303(a) provided as follows:

"(a) Any person who drives a motor vehicle on any highway of this State at a time when his driver's license \*\*\* is revoked or suspended as provided *by this Act or any other Act,* except as may be allowed \*\*\* *under this Act,* shall be guilty of a Class A misdemeanor." (Emphasis added.) Ill. Rev. Stat. 1979, ch. 95½, par. 6—303(a).

In *People v. Brown* (1983), 118 Ill. App. 3d 609, 455 N.E.2d 287, we interpreted the 1979 statute under facts similar to those in the instant case. There, Iowa resident Brown was charged under section 6—303(a) for driving in Illinois while his Iowa driver's license was revoked by Iowa. We affirmed dismissal of the charge.

In the instant case, the trial court dismissed the section 6—303(a) charge, referring to our decision in *Brown.* The State argues on appeal that *Brown* is no longer valid in light of subsequent amendment of section 6—303(a). We disagree and find that *Brown* is dispositive.

*Brown* interpreted section 6—303(a)'s phrase "this Act or any other Act" to refer only to acts adopted by the Illinois General Assembly, not to legislation of other States. It relied upon the fact that section 6—303(a) did not, as it easily could have, expressly regulate nonresident drivers whose licenses had been revoked or suspended by their home States. It found support for its interpretation in section 6—303(b) (Ill. Rev. Stat. 1979, ch. 95½, par. 6—303(b)). The *Brown* court noted that section 6—303(b) provided for extension of a defendant's period of suspension of revocation upon the Secretary of State's receipt of a report of a conviction under section 6—303(a). According to the *Brown* court, section 6—303(b) clearly referred to, and only to, licenses issued and later suspended or revoked by the Secretary of State of Illinois.

■ In determining legislative intent, we presume that the legislature acted with knowledge of judicial decisions concerning prior and existing law. (*Cottage-63rd Street Currency Exchange v. Callahan*

(1982), 104 Ill. App. 3d 586, 432 N.E.2d 1258.) Furthermore, we strictly construe penal statutes against the State and in favor of the defendant. *Brown*, 118 Ill. App. 3d at 611.

■ Although the legislature has amended section 6—303 following our decision in *Brown*, it has in no way responded to the primary points of the *Brown* decision. Its substitution of "this Code or any other law" for the phrase "this Act or any other Act" does not reveal the intent to broaden section 6—303(a) to include foreign State revocations or suspensions. The amendment made no response to *Brown*'s call for an explicit statement to reveal an intent to include drivers under foreign State revocations or suspensions. It also made no apparent response to *Brown*'s comment that section 6—303(b) supported a conclusion that section 6—303(a) referred only to Illinois suspensions or revocations.

Presuming that the current section 6—303(a) was written with the legislature's knowledge of *Brown*, and strictly construing the statute against the State, we find that the defendant's charge was properly dismissed.

Based upon the foregoing, we affirm the judgment of the circuit court of Hancock County.

Affirmed.

STOUDER, P.J., and WOMBACHER, J., concur.