THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
DEREK F. SHAW, Defendant-Appellee.

Third District    No. 3—88—0838

Opinion filed September 27, 1989.

Samuel Naylor VI, State's Attorney, of Carthage (Vicki L. Seidl, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Capps, Ancelet & Stoverink, of Carthage (Albert V. Ancelet, of counsel), for appellee.

PRESIDING JUSTICE WOMBACHER delivered the opinion of the court:

In September of 1986, the defendant, Derek Shaw, was convicted of driving under the influence of alcohol. The offense and conviction took place in the State of Iowa. In August of 1988 the defendant was convicted of the Class A misdemeanor of driving while his driver's license was revoked in violation of the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 6—303). The offense and conviction took place in the State of Illinois. In September of 1988 the defendant was again arrested in the State of Illinois for driving while his driver's license was revoked. Pursuant to statutory directive, the defendant was charged with a Class 4 felony, since the instant charge was his second violation following a revocation for driving under the influence

of alcohol. Ill. Rev. Stat. 1987, ch. 95½, par. 6—303(d).

The pertinent paragraph of the Vehicle Code under which the defendant was charged provides:

> "Any person convicted of a second or subsequent violation of this Section shall be guilty of a Class 4 felony if the original revocation or suspension was for a violation of Section 11—401 or 11—501 [driving while under the influence of alcohol] of this Code, or a similar provision of a local ordinance, or a violation of Section 9—3 of the Criminal Code of 1961, as amended, relating to the offense of reckless homicide." (Ill. Rev. Stat. 1987, ch. 95½, par. 6—303(d).)

The defendant filed a motion to dismiss the charge, contending that his Iowa conviction could not be used to enhance his offense to a Class 4 felony since the Iowa offense was not a violation of an Illinois law.

The trial court granted the defendant's motion to dismiss, ruling that the complaint failed to state a cause of action. The State brought the instant appeal seeking a review of the trial court's disposition.

The State contends that the Illinois driver's license compact (Ill. Rev. Stat. 1987, ch. 95½, par. 6—700) controls the issue presented in this appeal. The compact requires that the State's licensing authority report each conviction of a person from another State occurring within its jurisdiction to the licensing authority of the licensee's home State. (Ill. Rev. Stat. 1987, ch. 95½, par. 6—702.) The State argues that since the defendant was an Illinois resident and since the Illinois driver's license compact expresses the legislative intent to discipline resident drivers for conduct in another State, section 6—303(d) should be interpreted as allowing the defendant's Iowa conviction for driving under the influence to be used to elevate the instant in-State charge of driving while license revoked to a Class 4 felony. This reasoning, however, is in direct contravention to this court's recent holding in *People v. Weakley* (1988), 176 Ill. App. 3d 274.

The defendant contends that this court's decision in *People v. Weakley* (1988), 176 Ill. App. 3d 274, 530 N.E.2d 1168, is precedential authority. We agree.

■ In *Weakley*, this court was confronted with the issue of whether section 6—303(a) of the Code was a basis to charge an Iowa resident-defendant for driving in Illinois when his Iowa's driver's license was revoked by Iowa. Section 6—303(a) provided as follows:

> "(a) Any person who drives or is in actual physical control of a motor vehicle on any highway of this State at a time when such person's driver's license *** is revoked or suspended as

810

provided *by this Code or any other law,* except as may be specifically allowed *** *pursuant to this Code,* shall be guilty of a Class A misdemeanor." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 95½, par. 6—303(a).)

This court found that since section 6—303(a) was not specific in referring to foreign State revocations or suspensions and because the statute was penal in nature, the statute must be strictly construed against the State in favor of the defendant.

■ Likewise, in the instant case, section 6—303(d) did not specify that out-of-State convictions could be used for elevating an in-State conviction to a Class 4 felony. Indeed, section 6—303(d) specifically refers to particular statutory sections of the Illinois Vehicle Code. Thus, section 6—303(d) is more specific than the provision in *Weakley,* which merely states "this Code or any other law," and presents an even stronger argument for construing the statute against the State. If the legislature intended otherwise, the legislature, not the court, should change the statute.

For all of the foregoing reasons, the judgment of the circuit court of Hancock County is affirmed.

Affirmed.

HEIPLE and STOUDER, JJ., concur.