726 N.E.2d 661 (2000)
311 Ill. App.3d 1049
244 Ill.Dec. 686
In re A.M.F., a Minor (The People of the State of Illinois, Petitioner-Appellee,
v.
C.L.F., Respondent-Appellant).
No. 5-99-0149.
Appellate Court of Illinois, Fifth District.
March 7, 2000.
*662 Eric J. Dirnbeck, Benton, for Appellant.
Norbert J. Goetten, Director, Stephen E. Norris, Deputy Director, Patrick D. Daly, Staff Attorney, Office of the State's Attorneys Appellate Prosecutor, Mt. Vernon, for Appellee.
Justice MAAG delivered the opinion of the court:
A.M.F., a seven-week-old infant, was taken to a hospital in West Frankfort on November 27, 1996, by his parents, A.F., the father, and C.L.H., now known as C.L.F., the mother. A.M.F. apparently had a fever that evening and was taken to the hospital for that reason. While taking his temperature, a nurse noticed abnormal swelling around A.M.F.'s legs. Upon further examination, it was determined that A.M.F. had several fractures. A.M.F. was then transferred to Cardinal Glennon Hospital in St. Louis, Missouri. Hospital personnel completed a full-body x ray on A.M.F. The physicians at the hospital determined that all of A.M.F.'s injuries were the result of physical abuse. A.M.F.'s injuries included multiple fractures in the femurs and tibias, two skull fractures, trauma to the brain, retinal bleeding, a subdural hematoma, and bruising and swelling to the scrotum area.
On December 3, 1996, a shelter care hearing was held, and A.M.F. was taken into the custody of the Illinois Department of Children and Family Services (Department) pending an adjudicatory hearing. A.M.F. was then placed with his paternal grandmother, C.S., and paternal stepgrandfather, R.S. On December 23, 1996, an agreed adjudication and disposition was entered, which contained a finding of abuse and granted the Department temporary custody and guardianship with placement remaining with R.S. and C.S. A.M.F.'s parents were ordered to cooperate with the Department and participate in the programs as required and requested by the Department. The Department's permanency goal was for A.M.F. to "return home."
We note that since this appeal only involves A.M.F.'s biological mother, we will *663 not discuss the facts relating to his biological father except to say that the father signed a surrender of his parental rights and they were terminated.
C.L.F. was indicted for aggravated battery of a child (see 720 ILCS 5/12-4.3(a) (1996)), a class X felony, on August 5, 1997. C.L.F. accepted the State's offer of an open plea to aggravated battery (see 720 ILCS 5/12-4 (1996)), a class 3 felony. On April 20, 1998, the State filed a petition for appointment of guardian with power to consent to adoption. This petition sought to terminate C.L.F.'s parental rights. The first proceeding regarding parental unfitness was to determine whether any grounds existed for termination. See 750 ILCS 50/1D (West 1996). The State filed a motion for partial summary judgment. The motion was based on section 1D(q) of the Adoption Act (Act) (750 ILCS 50/1D(q) (West 1996)), which outlined one of the grounds for unfitness for purposes of termination of parental rights as "a finding of physical abuse of the child under Section 4-8 of the Juvenile Court Act or Section 2-21 of the Juvenile Court Act of 1987 and a criminal conviction of aggravated battery of the child." (Emphasis added.) The motion included attached exhibits that consisted of an agreed order of adjudication with a finding of abuse and a copy of C.L.F.'s judgment of conviction for aggravated battery in Franklin County case number 97-CF-227.
On October 9, 1998, a hearing was held on the motion for partial summary judgment. The State claimed that pursuant to the aforementioned language of the Act, it was entitled to judgment as a matter of law on the issue of C.L.F.'s fitness. The State argued that C.L.F. was convicted of aggravated battery, that the battery was perpetrated upon an infant, and that, hence, C.L.F. was unfit as a matter of law. See 750 ILCS 50/1D(q) (West 1996). C.L.F.'s counsel objected, stating that the language of section 1D(q) of the Act (750 ILCS 50/1D(q) (West 1996)) requires a conviction for the specific crime of aggravated battery of a child as set forth in section 12-4.3 of the Criminal Code of 1961 (Code) (720 ILCS 5/12-4.3 (West 1996)) before a finding of unfitness can be made as a matter of law. The circuit court disagreed with C.L.F.'s counsel and granted the State's motion for summary judgment. The circuit court stated that C.L.F. had been convicted of aggravated battery and that since the aggravated battery was on A.M.F., her infant, the requirements of the statute were met. The court determined that it was not the class of the crime, namely, a class X felony, that was determinative of whether C.L.F. was unfit pursuant to the statute. Instead, the court decided that the determining factor of whether C.L.F. was unfit pursuant to the Act was whether C.L.F. had been convicted of aggravated battery "of the child who is the subject matter of the proceeding."
C.L.F. appeals, claiming that the circuit court erred when it ruled that the Act allows a finding of unfitness as a matter of law based upon a conviction of aggravated battery pursuant to section 12-4 of the Code (720 ILCS 5/12-4 (West 1996)). C.L.F. claims that the phrase "aggravated battery of the child" that is contained within section 1D(q) of the Act is ambiguous because it is not clear on its face whether the language requires a conviction pursuant to section 12-4.3 of the Code (720 ILCS 5/12-4.3 (West 1996)), "Aggravated Battery of a Child," or whether a conviction under section 12-4 of the Code (720 ILCS 5/12-4 (West 1996)), "Aggravated Battery," will suffice where the child is the victim of the battery. C.L.F. claims that since the language of the statute is unclear and susceptible of more than one meaning, the court must interpret the statute in order to clarify its application. See Penman v. Board of Trustees of Illinois Eastern Community Colleges, 94 Ill.App.3d 139, 144, 49 Ill.Dec. 775, 418 N.E.2d 795, 799 (1981).
Initially, we note that interpreting or construing a statute is a matter of *664 law for the court and is appropriate for summary judgment. Such a drastic measure should be granted only if the movant's right to judgment is clear and free from doubt. Hence, we will conduct a de novo review. See Matsuda v. Cook County Employees' & Officers' Annuity & Benefit Fund, 178 Ill.2d 360, 364, 227 Ill.Dec. 384, 687 N.E.2d 866, 868 (1997).
A fundamental rule of statutory construction is to give effect to the true intent and meaning of the legislature. The words used by the legislature are the best indicator of the meaning, and we should not look beyond the words of the statute unless they are ambiguous. In re Application for Judgment & Sale by County Treasurer & Ex Officio County Collector of St. Clair County, 276 Ill.App.3d 1084, 1089, 213 Ill.Dec. 541, 659 N.E.2d 457, 460 (1995). Since we find that the statute is not ambiguous, we must apply the statute as written. See Davis v. Toshiba Machine Co., America, 186 Ill.2d 181, 184-85, 237 Ill.Dec. 769, 710 N.E.2d 399, 401 (1999).
As we previously stated, the State based its motion for summary judgment on section 1D(q) of the Act. Section 1D(q) of the Act states that one of the grounds for a finding of an unfit person is a criminal conviction for aggravated battery of the child. C.L.F. argues that she must have been convicted under section 12-4.3 of the Code, "Aggravated Battery of a Child" (emphasis added), in order for the circuit court to find her unfit.
While the difference between aggravated battery of the child and aggravated battery of a child may, at first glance, seem insignificant, upon further review it must be given particular significance in the context of C.L.F.'s argument. We note that the language of section 1D(q) of the Act, "aggravated battery of the child" (emphasis added), does not track the title of the statute for which C.L.F. alleges a conviction must be shown. See 720 ILCS 5/12-4.3 (West 1996) ("Aggravated Battery of a Child" (emphasis added)). Statutes should, if possible, be construed so that no term is rendered superfluous or meaningless. See Bonaguro v. County Officers Electoral Board, 158 Ill.2d 391, 397, 199 Ill.Dec. 659, 634 N.E.2d 712, 715 (1994). Additionally, section 1D(q) of the Act does not make reference to section 12-4.3 of the Code.
Moreover, the Act is to be liberally construed. See In re Donte A., 259 Ill.App.3d 246, 252, 197 Ill.Dec. 254, 631 N.E.2d 257, 261 (1994). The overriding concern of the Adoption Act, along with the Juvenile Court Act of 1987 (705 ILCS 405/1-1 et seq. (West 1996)), is the best interests of the child. See In re Marriage of T.H., 255 Ill.App.3d 247, 253, 193 Ill. Dec. 370, 626 N.E.2d 403, 408 (1993). The legislature's directive that the Juvenile Court Act of 1987 and Adoption Act are to be liberally construed does not mean that those statutes are to be liberally construed in favor of parents at the expense of children. See In re K.B.J., 305 Ill.App.3d 917, 922, 238 Ill.Dec. 1007, 713 N.E.2d 253, 257 (1999).
After reviewing the statute, we find that the legislature intended to find a person unfit when that person is convicted of aggravated battery of the child that is the subject matter of the proceedings. The clear meaning of this statute is that there be a criminal conviction for some type of aggravated battery and that the victim be "the child" that is at issue in the unfitness proceedings. This is consistent with a liberal construction of the Act.
In the case at bar, C.L.F. did not challenge the finding of physical abuse. In fact, C.L.F. entered into an agreed order of adjudication based upon the abuse and neglect of A.M.F. As we previously stated, at the shelter care hearing, testimony showed that A.M.F. had multiple fractures, including broken femurs and tibias, two skull fractures, bruising and swelling to the scrotum, brain trauma, retinal bleeding, and a subdural hematoma. C.L.F. ultimately entered an open plea of guilty to *665 a lesser charge, aggravated battery. Since C.L.F. was convicted of the aggravated battery of A.M.F., the trial court correctly determined that she was "unfit" and the motion for summary judgment was properly granted.
In the alternative, the State points out that section 1D(q) of the Act was amended on June 30, 1998, and that it is possible that the amended version of the Act applies to this case. Because this issue was not raised in the circuit court, it is waived. See Egidi v. Town of Libertyville, 251 Ill.App.3d 224, 235, 190 Ill.Dec. 443, 621 N.E.2d 615, 623 (1993).
For the foregoing reasons, we affirm the circuit court's order granting the State's motion for summary judgment.
Affirmed.
WELCH and CHAPMAN, JJ., concur.