*In re* A.J. *et al.*, Minors (The People of the State of Illinois, Petitioner-Appellee, v. Lakeesha S., Respondent-Appellant).

Third District   No. 3—00—0822

Opinion filed July 17, 2001.

Susan Johnson, of East Peoria, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin and Richard T. Leonard, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

The parental rights of the respondent mother, Lakeesha S., were terminated regarding her children A.J., K.F., and T.F. On appeal, the respondent argues that (1) the court erred by considering at the fitness hearing evidence of the respondent's progress during a time period not authorized by statute, and (2) her attorney was ineffective for failing to object to the State's proposal of this time period and failing to object to the State's introduction of evidence concerning the respondent's conduct during this time period. We affirm.

## BACKGROUND

The respondent's three children were adjudged neglected by a written order of the court on March 31, 1998. On April 11, 2000, the court ordered the children to be placed in substitute care. On this same day, the State petitioned to terminate the respondent's parental rights, alleging that she had failed to make reasonable efforts to correct the conditions that were the basis for the removal of the children under section 1(D)(m)(i) of the Adoption Act (Act) (750 ILCS 50/1(D)(m)(i) (West 2000)). The petition also alleged that she had failed to make reasonable progress toward the return of her children during a nine-month period after the end of the initial nine-month period following the adjudication of neglect under section 1(D)(m)(iii). 750 ILCS 50/1(D)(m)(iii) (West 2000).

The court held a fitness hearing on September 13, 2000. The parties agreed that the nine-month period at issue for determining whether the respondent had made reasonable progress was from December 13, 1999, through September 13, 2000. At the conclusion of the fitness hearing, the court found that the State had proved the respondent to be an unfit person by clear and convincing evidence.

At the best interest hearing, held on October 10, 2000, the court ruled that it was in the minors' best interests to terminate the parental rights of the respondent. It is from this ruling that the respondent appeals.

## ANALYSIS

### I. Whether the Court Erred by Considering Evidence of the Respondent's Conduct from December 13, 1999, through September 13, 2000

Interpreting or construing a statute is a matter of law for the

court and, therefore, we will conduct a *de novo* review. *In re A.M.F.*, 311 Ill. App. 3d 1049, 726 N.E.2d 661 (2000).

●1, 2 Section 1(D)(m) of the Act defines one of many ways that a parent may be adjudged to be an unfit person. This section is divided into three subsections. The time period in subsection (iii), which is the subsection at issue in this case, is determined by reference to the time period in subsection (ii). A parent may be found unfit by failing to make reasonable progress toward the return of the children within nine months after an adjudication that the children were neglected. 750 ILCS 50/1(D)(m)(ii) (West 2000). Alternatively, a parent may be found unfit by failing to make reasonable progress toward the return of the children during any nine-month period after the end of the initial nine-month period following the adjudication that the children were neglected. 750 ILCS 50/1(D)(m)(iii) (West 2000).[1] The date that the court files its dispositional order adjudging a child to be abused or neglected determines the beginning of the initial nine-month period at issue in subsection (ii). *In re D.S.*, 313 Ill. App. 3d 1020, 730 N.E.2d 637 (2000).

> "The cardinal rule of statutory construction is to ascertain and give effect to the intention of the legislature. [Citations.] The language of the statute is the best indication of legislative intent, and our inquiry appropriately begins with the words used by the legislature. [Citation.] If the statutory language is clear and unambiguous, then there is no need to resort to other aids of construction. [Citations.] Moreover, there is no rule of construction that authorizes a court to say that the legislature did not mean what the plain language of the statute provides. [Citation.] 'Where the language of a statute is clear and unambiguous, a court must give it effect as written, without "reading into it exceptions, limitations or conditions that the legislature did not express." ' [Citations.]" *In re D.L.*, 191 Ill. 2d 1, 9, 727 N.E.2d 990, 994 (2000).

●3 On appeal, the respondent argues that the court erred by considering evidence of the respondent's conduct that occurred after the State filed its petition to terminate her parental rights. The court filed its dispositional order concerning the children on May 12, 1998. The initial nine-month period at issue in subsection (ii) of the Act then would have been from May 12, 1998, through February 12, 1999.

The plain language of subsection (iii) indicates that the court could consider the respondent's conduct during "any" nine-month period following February 12, 1999. Clearly, the nine-month period from December 13, 1999, through September 13, 2000, is among "any" of

---

[1]Subsection (iii) was amended by Public Act 91—373, which went into effect on January 1, 2000. Pub. Act 91—373, eff. January 1, 2000.

the nine-month periods following February 12, 1999. The statute does not mention an exception, limitation, or condition that "any" of these potential nine-month periods must end before the date that the State files its petition to terminate parental rights, as the respondent suggests. We will not read into the statute such an exception, limitation, or condition.

Accordingly, we hold as a matter of law that it was not error for the trial court to consider evidence from this nine-month period and to rule that the respondent was an unfit person.

### II. Whether the Respondent's Counsel Was Ineffective

•4 Courts will apply the standard utilized in criminal cases to assess a parent's claim of the ineffectiveness of counsel appointed under the Juvenile Court Act. *In re D.M.*, 258 Ill. App. 3d 669, 631 N.E.2d 341 (1994). To prevail on a claim of ineffective assistance of counsel, a defendant must establish that (1) trial counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance so prejudiced the defendant that but for counsel's errors, the outcome of the trial likely would have been different. *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984); *People v. Albanese*, 104 Ill. 2d 504, 473 N.E.2d 1246 (1984). A court need not determine whether counsel's performance was deficient if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice. *Albanese*, 104 Ill. 2d 504, 473 N.E.2d 1246.

In the instant case, the respondent was appointed counsel under the Juvenile Court Act. Therefore, we apply the same ineffectiveness of counsel analysis in this case as in a criminal case.

•5 In order to show that her counsel was ineffective, the respondent must show that, but for counsel's performance, the outcome of her case likely would have been different. She argues that her attorney was ineffective because (1) he failed to object to the nine-month period advanced by the State for calculating her lack of reasonable progress under section 1(D)(m)(iii), and (2) he failed to object to introduction of evidence of her conduct during the time period after the State had filed its petition to terminate her parental rights. As discussed above, the plain language of section 1(D)(m)(iii) clearly allows the court to consider the respondent's conduct during the nine-month period that the State proposed to examine. It would have been pointless for her counsel to object either to the State's proposed nine-month period or to the evidence offered concerning this nine-month period under the plain language of the statute. The outcome of her case would not have been different if her counsel had raised objections

on either of these related grounds. Therefore, we conclude that the respondent's counsel was not ineffective.

## CONCLUSION

For the foregoing reasons, the ruling of the Peoria County circuit court is affirmed.

Affirmed.

HOLDRIDGE and McDADE, JJ., concur.