THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WALTER E. JETT, Defendant-Appellant.

Fifth District    No. 5—01—0120

Opinion filed March 14, 2002.—Rehearing denied April 10, 2002.

Daniel M. Kirwan and Lawrence J. O'Neill, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

James Roberts, State's Attorney, of Hillsboro (Norbert J. Goetten, Stephen E. Norris, and Trent M. Marshall, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE RARICK delivered the opinion of the court:

After a bench trial in the circuit court of Montgomery County, Walter E. Jett (defendant) was found guilty of driving while license revoked, and he was sentenced to seven days in jail and one year of conditional discharge. He argues on appeal that the trial court erred in finding him guilty, because the provisions of Illinois' driving-while-revoked statute, section 6—303 of the Illinois Vehicle Code (Code) (625 ILCS 5/6—303 (West 2000)), do not apply when a non-Illinois driver's license has been revoked by the driver's home state only and not by Illinois. We disagree and accordingly affirm.

The facts of this case are simple. Defendant was driving in Illinois on May 15, 2000, at approximately 9:45 p.m., when he was stopped by police for making a turn without using a turn signal. When asked for his driver's license, defendant informed the police officer he did not have one. The officer ran defendant's name through the computer and discovered that defendant's license had been revoked by the State of

Missouri. Defendant was arrested, charged, and subsequently convicted of driving while license revoked.

■ We initially note that interpreting or construing a statute is a matter of law subject to *de novo* review. *People v. Robinson*, 172 Ill. 2d 452, 457, 667 N.E.2d 1305, 1307 (1996). A fundamental rule of statutory construction is to give effect to the true intent and meaning of the legislature. *In re A.M.F.*, 311 Ill. App. 3d 1049, 1051, 726 N.E.2d 661, 664 (2000). The most reliable indicator of legislative intent is the language of the statute itself. *Robinson*, 172 Ill. 2d at 457, 667 N.E.2d at 1307. Statutory language must be given its plain and ordinary meaning, and when that language is clear and unambiguous, we must apply the statute without further aids of statutory construction. *Robinson*, 172 Ill. 2d at 457, 667 N.E.2d at 1307; *Boaden v. Department of Law Enforcement*, 171 Ill. 2d 230, 237, 664 N.E.2d 61, 65 (1996).

■ It is true that previous versions of section 6—303(a) failed to encompass nonresident drivers. *E.g.*, 625 ILCS 5/6—303(a) (West 1994); see *People v. Weakley*, 176 Ill. App. 3d 274, 530 N.E.2d 1168 (1988); *People v. Brown*, 118 Ill. App. 3d 609, 455 N.E.2d 287 (1983). The current, amended version of section 6—303(a), however, includes such drivers:

> "Any person who drives or is in actual physical control of a motor vehicle on any highway of this State at a time when such person's driver's license, permit[,] or privilege to do so or the privilege to obtain a driver's license or permit is revoked or suspended as provided by this Code or the *law of another state*, except as may be specifically allowed by a judicial driving permit, family financial responsibility driving permit, probationary license to drive, or a restricted driving permit issued pursuant to this Code or *under the law of another state*, shall be guilty of a Class A misdemeanor." (Emphasis added.) 625 ILCS 5/6—303(a) (West 2000).

In both *Brown* and *Weakley*, the defendant was charged with driving with a revoked or suspended license in violation of section 6—303(a) for driving in Illinois at a time when his foreign state driver's license was revoked or suspended. In both cases, the court held that the statute as it then existed did not apply to a nonresident driver. At the time *Brown* was decided, the pertinent language of section 6—303(a) read as follows: "Any person who drives a motor vehicle on any highway of this State at a time when his drivers license or permit or privilege *** to obtain a license or permit *under this Act* is revoked or suspended as provided by *this Act or any other Act ***.*" (Emphasis added.) Ill. Rev. Stat. 1979, ch. 95½, par. 6—303(a). The court determined that the words "Act" and "other Act" both referred to laws "adopted by the Illinois General Assembly and not acts adopted

by the legislatures of other States." *Brown*, 118 Ill. App. 3d at 611, 455 N.E.2d at 289. When *Weakley* was decided, the pertinent language of section 6—303(a) read as follows: "Any person who drives or is in actual physical control of a motor vehicle on any highway of this State at a time when such person's driver's license \*\*\* is revoked or suspended as provided by *this Code or any other law* \*\*\*." (Emphasis added.) Ill. Rev. Stat. 1987, ch. 95½, par. 6—303(a). The court decided: "Although the legislature has amended section 6—303 following our decision in *Brown*, it has in no way responded to the primary points of the *Brown* decision. Its substitution of 'this Code or any other law' for the phrase 'this Act or any other Act' does not reveal the intent to broaden section 6—303(a) to include foreign State revocations or suspensions." *Weakley*, 176 Ill. App. 3d at 276, 530 N.E.2d at 1169. We believe that replacing "any other law" with "under the law of another state" clearly reveals "the intent to broaden section 6—303(a) to include foreign State revocations or suspensions." There simply is no other logical reason for adding the language "under the law of another state." No rule of construction authorizes a court to declare that the legislature did not mean what the plain language of the statute imports. *Robinson*, 172 Ill. 2d at 462-63, 667 N.E.2d at 1310.

■ Defendant argues that under such an interpretation of the statute, Illinois could impose criminal liability for driving while license revoked, even in cases where the revocation was imposed for criminal conduct unlawful in a foreign state though not proscribed under the laws of Illinois. While this may be true, our role is limited to giving effect to the intent of the legislature as expressed through the plain language of the statute; our role is not to determine whether the policy behind that language is proper or sound. *Robinson*, 172 Ill. 2d at 462, 667 N.E.2d at 1310; *Boaden*, 171 Ill. 2d at 239, 664 N.E.2d at 66.

For the aforementioned reasons, we affirm the judgment of the circuit court of Montgomery County.

Affirmed.

MAAG, P.J., and CHAPMAN, Melissa, J., concur.